# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 06-CR-20200

REHIF HUSSEIN MURRAY,

    Defendant.

_____/

## ORDER DEFINING PRESENTENCE REPORT (PSR) RESPONSIBILITIES

IT IS ORDERED that counsel adhere to the following in preparation for sentencing:

1)    Any PSR objection must be stated to the Probation Officer *(but not "filed" on the docket)* using a format substantially similar to the attached *Addendum*. Purported objections originating in a letter, e-mail, memorandum, etc., are to be rejected by the Probation Officer.

2)    Any request for a departure or variance from the Guidelines range must be presented by motion **FOURTEEN DAYS before sentencing**. Any opposition to such a departure or variance motion is due **SEVEN DAYS before sentencing.**

3)    A sentencing memorandum is optional, but due **SEVEN DAYS before sentencing.**

4)    Provide a copy of any motion, opposition or memorandum to the Probation Officer.

5)    Allocution at sentencing should not ordinarily exceed five minutes for defendant's counsel, five minutes for defendant and five minutes for government counsel.

Date:  July 5, 2006

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            United States District Judge

SAMPLE
PRESENTENCE REPORT ADDENDUM

Defendant's name:                                                  Page #:
Docket #:                                                          Paragraph #:
Date:                                                              Line(s) #:
Objection #:

Section I: Defendant's/Government's objection:


_____        _____
Attorney's signature            (or)        Defendant's signature        (or both)

Section II: Probation officer's comments:


---

**Instructions for counsel**
(not to be replicated on the Addendum to be submitted)

1)  Provide objections directly to the Probation Officer. <u>Do not file them with the Clerk.</u>

2)  Any objection and any claim that a guideline or application note has been incorrectly applied or omitted must be accompanied by a clear explanation. Saying that "the defendant disputes" a fact, without providing an alternate explanation or reference to *specific* evidence in the record or discovery, is generally unavailing. Saying that "the defendant states" something without pointing to evidence in the record is a similar gesture.

3)  Do not use the Addendum format or the formal "objection" process merely to claim a minor factual error, i.e., one that has no effect on guideline calculations nor forms the basis for a departure (such factual claims may be presented to the Probation Officer by letter or memorandum), to point out a mechanical result or an alternate guideline calculation that depends on the resolution of a challenged factual item, or to"object" to required PSR comments such as factors for possible departure.  Such matters may be presented to the court in the form of a sentencing memorandum. Always provide a copy to the Probation Officer.

3)  When a party has presented a material objection that has not been accepted by the Probation Officer and remains for resolution by the court, any opposition must expressed in writing whether or not the court specifically orders a response. Always provide a copy to the Probation Officer. Responses should correspond to the numbering of the objection(s) and clearly explain the party's position on the facts and the law.

S:\Cleland\lisa\Criminal\sentprocedures.9.wpd